EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANDREA PERRY, NING XU, LORI FERGUSON, JASON BROWN, GABRIEL LADO, JOSEPHINE MANIACI, BRYON SMITH, and BRYAN MISKOVCH, individually and on behalf all others similarly situated, <br><br>　　　　Plaintiffs, <br><br>vs. <br><br>ALLSTATE INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:16-cv-01522 <br><br> SENIOR JUDGE <br> CHRISTOPHER A. BOYKO |

## PRELIMINARY APPROVAL ORDER

Plaintiffs Andrea Perry, Ning Xu, Lori Ferguson, Jason Brown, Gabriel Lado, Josephine Maniaci, Bryon Smith, and Bryan Miskovch (collectively, the "Representative Plaintiffs") and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, and Scheduling a Final Approval Hearing (the "Motion"). Upon considering the Motion and exhibits thereto, the Class Action Stipulation of Settlement Agreement ("Settlement Agreement") and exhibits thereto (filed with the Court on February 21, 2023), the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.      **Settlement**. The Representative Plaintiffs and Defendants Allstate Indemnity Company, Allstate Vehicle and Property Insurance Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company (collectively, the "Defendants") all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Settlement Agreement.

2.      **Preliminary Approval**. The Agreement entered into, by and among the Representative Plaintiffs and the Defendants, was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing.

The terms and conditions in the Settlement Agreement are incorporated here as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the same definitions that are in the Settlement Agreement.

3.      **Settlement Class Relief**. The proposed Claim Settlement Payments to Class Members and the settlement consideration, as identified in Sections 4, 6, and 7 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate.

- a. The "Settlement Class" shall be defined as: All policyholders, (except for those explicitly excluded below), under any property insurance policy issued by Allstate,[1] who made: (i) a Structural Loss claim for property located in the State of Ohio between May 16, 2015 through June 30, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld.

- b. Excluded from the Settlement Class are:

---

[1] As defined in the Settlement Agreement, "Allstate" means Allstate Indemnity Company, Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Vehicle and Property Insurance Company, Allstate Fire and Casualty Insurance Company, North Light Specialty Insurance Company, Encompass Insurance Company, Encompass Indemnity Company, Encompass Property and Casualty Company, Encompass Insurance Company of America, Encompass Home and Auto Insurance Company, and Esurance Insurance Company

Policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor";

Policyholders who received one or more payments for a claim that exhausted the applicable limits of insurance;

Policyholders whose claims were denied or abandoned without an ACV payment for any reason;

Allstate and its officers and directors;

Members of the judiciary and their staff to whom this Action is assigned and their immediate families; and,

Class counsel and their immediate families.

4. **Preliminary Certification of the Settlement Class**. For settlement purposes only, the Court makes the following determinations as to certification of the Settlement Class:

a. The Court preliminarily certifies the Settlement Class for purposes of settlement only under Rule 23;

b. The Settlement Class is so numerous that joinder of all members is impracticable;

c. There are questions of law or fact common to the members of the Settlement Class, which common questions predominate over any questions affecting only individual members;

d. The Representative Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement; and

e. The class action is the superior method for the full and efficient adjudication of the controversy.

5. **Preliminary Appointment of Class Representatives**. The Representative Plaintiffs are preliminarily appointed as the representatives of the Settlement Class for the purpose of seeking approval of and administering the Settlement Agreement.

6. **Preliminary Appointment of Class Counsel** Erik D. Peterson of Erik Peterson Law Offices, PSC; Stephen G. Whetstone of Whetstone Legal, LLC; James A. DeRoche of Garson Johnson LLC; and Patrick J. Perotti of Dworken & Bernstein Co., LPA are preliminarily appointed as counsel for the Settlement Class.

7. **Final Approval Hearing**.  A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at 2:00 p.m. on July 25, 2023, in the United States District Court for the Northern District of Ohio before the Honorable Judge Christopher A. Boyko, to determine, among other things: (i) whether the Settlement Agreement for this Action should be approved as fair, reasonable, and adequate; (ii) whether this Action should be certified as a class action for settlement purposes only; (iii) whether this Action should be dismissed, with prejudice, pursuant to the Settlement Agreement; (iv) whether the Settlement Class Members should be bound by the provisions in the Settlement Agreement, including the releases set forth in the Settlement Agreement; and (v) whether Settlement Class Members (who have not opted out), whether acting individually or together, should be permanently enjoined from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims; (vi) whether the application of Class Counsel for an award of attorneys' fees and expenses, and for proposed service awards to the Representative Plaintiffs, should be approved and in what amount; and (vii) objections, if any, made to the Proposed Settlement or any of its terms.

The Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video conference so as to allow the Final Approval Hearing to proceed despite any potential limitations on in-court hearings.  Any Class Member, who files a notice of intent to appear, shall be provided with information required to access the Final Approval Hearing.

Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the Class Members. Any rescheduled date for the Final Approval Hearing will be posted on the Settlement website.

All briefs and materials in support of an order for final approval and judgment and for a service award to the Representative Plaintiffs and payment to Class Counsel for its attorneys' fees and costs shall be filed with this Court no later than seven (7) days prior to the Final Approval Hearing.

8. **Class Notice and Claim Form.** As soon as practicable after the entry of this Order, but in any event no more than thirty (30) days after entry of this Order, Defendants shall conduct a reasonable search of their records and provide to the Administrator for each Person reasonably believed to be a potential Class Member, the following information, if reasonably available: full name, last known mailing address, date of Covered Loss during the Class Period, policy number, claim number for the Covered Loss, as well as any other information reasonably required to administer the Settlement. Prior to mailing the Class Notice and Claim Form, the Administrator will run these addresses through the National Change of Address Database for a more current name and/or address for each potential Class Member.

Upon completion of the updating efforts, the Class Notice, in the form and content of Exhibit B to the Settlement Agreement, shall be mailed, by the Administrator, not less than seventy-five (75) days before the Final Approval Hearing in the manner described in the Settlement Agreement.

No later than the mailing of the Class Notice, the Administrator shall establish a website containing copies of the Settlement Agreement, this Order, the Class Notice, Claim Form, and such other documents and information about the Settlement as Class Counsel and Defendants'

5

Counsel agree upon.  A completed Claim Form may be uploaded on the Settlement website.  The Settlement website shall have a Uniform Resource Locator ("URL") which identifies the Settlement website as www.perrydepreciationsettlement.com, or such other URL as Class Counsel and the Defendants' Counsel agree upon.  The Settlement website shall not include any advertising and shall not bear any logos or trademarks of Allstate.  The Settlement website shall cease to operate, and the Administrator shall remove all information from the Settlement website, no later than when the Administrator closes the account as provided in Section 7.9 of the Settlement Agreement.

No later than the mailing of the Class Notice, the Administrator shall establish a toll-free number with script recordings of information about this Settlement, including information about the Claim Form.  At the Defendants' option, the Administrator may also provide live operators during select times to answer certain basic questions about the Settlement.  The Administrator shall send the Class Notice and/or the Claim Form upon request, to any Class Member.  The toll-free number shall remain open and accessible through the Claim Deadline and allow for Class Members to leave recorded messages.  Except for requests for the Class Notice and/or Claim Form, the Administrator will promptly advise Class Counsel and Defendants' Counsel of recorded messages left by Class Members, concerning the Action and/or the Settlement, or direct any Class Members with questions, that cannot be answered, to Class Counsel, so that Class Counsel may timely and accurately respond to such inquiries.

No later than thirty (30) days before the Claim Deadline, the Administrator shall mail a reminder Postcard Notice in the form attached as Exhibit E, containing the following information: the Claim Form submission deadline, the Settlement Website, and how to request a copy of the

Claim Form. The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves from the Settlement Class.

The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best notice practicable under the circumstances, and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts to do so shall be required. The Court further finds that the Class Notice, Postcard Notice, the settlement website, and establishment of an automated toll-free telephone number, as described in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet all legal requirements, including Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

Settlement Class members may submit Claim Forms in the form attached to the Settlement Agreement as Exhibit C, requesting a Claim Settlement Payment in accordance with the terms of the Settlement Agreement. To be considered valid and timely, a Claim Form must be complete, signed by the Class Member or their Legally Authorized Representative and either: (a) mailed to the Administrator's address, as specified in the Claim Form, and postmarked by September 8, 2023; or (b) uploaded to the settlement website by 11:59 p.m. on September 8, 2023 ("Claim Deadline"). Claim Forms may be submitted on behalf of deceased or incapacitated Class Members only by Legally Authorized Representatives with written evidence of authority.

At or before the Final Approval Hearing, the Parties shall file a proof of mailing the Class Notice and Claim Form from the Administrator.

Class Counsel and the Defendants' Counsel, as jointly agreed, along with the Administrator, are authorized, prior to mailing, to complete any omitted information and to make any non-substantive revisions to the Claim Form and Class Notice, as necessary, that do not

materially reduce the rights of Class Members in order to fulfill the purposes of the Settlement. The font size, layout, and other presentation elements of the Claim Form and Class Notice may be adjusted to accommodate printing and mailing considerations.

9. **Administrator**.  The Court preliminarily appoints Epiq Systems, Inc., as the Administrator, to implement the terms of the Settlement Agreement, and authorizes and directs the Administrator to:  (a) mail the Class Notice and the Claim Form; (b) establish the toll-free number; (c) establish the settlement website; (d) receive and process Claim Forms; and (e) carry out such other responsibilities as are provided for in the Settlement Agreement or as may be agreed to by Class Counsel and the Defendants' Counsel, all according to and as provided in the Settlement Agreement.

> **Exclusion from the Settlement Class.**  Class Members who wish to opt out from the Settlement Class must mail to the Administrator a written request for exclusion, pursuant to the instructions in the Settlement Agreement and on the settlement website, postmarked no later than thirty (30) days prior to the Final Approval Hearing.

All Class Members who do not request exclusion in the manner set forth in the Settlement Agreement shall be bound by all proceedings, orders, and judgments in the Action, which will have preclusive effect in all pending or future lawsuits or other proceedings, except that Defendants, in their sole discretion, may allow a potential Class Member who does not timely request exclusion from the Settlement Class to opt out up to and including the date of the Final Approval Hearing

The Administrator shall provide Class Counsel and the Defendants' Counsel a list of all timely requests for exclusion not less than ten (10) days before the Final Approval Hearing.

11. **Objections and Appearances**. Class Members who do not request exclusion from the Settlement Class may object to the Settlement by filing with the Court, and mailing to the Administrator, a written notice of intent to object as provided in the Stipulation no later than thirty (30) days before the Final Approval Hearing. The right to object to the Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a Legally Authorized Representative on behalf of a deceased, minor, or incapacitated Class Member. To be considered, the written notice of intent to object to the Settlement must contain:

   a. A heading which includes the name of the case and case number;

   b. The name, address, telephone number, and signature of the Class Member (the "Objector") filing the objection;

   c. The specific reasons why the Class Member objects to the Settlement;

   d. The name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney; and

   e. Indication of whether the objecting Class Member intends to appear at the Final Approval Hearing, either in person or through counsel.

In addition, a notice of intent to object must contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

   f. A detailed statement of the specific legal and factual basis for each and every objection;

   g. A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

   h. A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing;

   i. A list of any other objections to class action settlements filed by the Objector in any court, whether state or federal, in the United States, in the previous five (5) years; and

      j.    Documentary proof of membership in the Class.

Any Class Member, who fails to object to the Settlement in accordance with the instructions in the Settlement Agreement and on the settlement website shall be deemed to have waived any objection, shall not be permitted to be heard at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

The Administrator shall provide Class Counsel and Defendants' Counsel with copies of any and all objections received by the Administrator.

At or before the Final Approval Hearing, Class Counsel shall file with the Court an affidavit from the Administrator providing:  (i) the number of Class Members who timely excluded themselves from the Settlement Class, (ii) the number of Class Members who timely submitted an objection to the Proposed Settlement, and (iii) the identity of all individuals within the proceeding sections (i) and (ii).

12.    **Preliminary Injunction**. Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, neither Representative Plaintiffs nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against Allstate that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Settlement Agreement.  Accordingly, the Court hereby preliminarily enjoins Representative Plaintiffs and any Class Member who has not opted out from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.

13. **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if final approval of the Proposed Settlement is not granted. If the Agreement is terminated, disapproved, or materially altered in whole or in part by this Court, any appellate court(s), or any other court of review, or if the Settlement Agreement is terminated as provided in Paragraphs 14.1-14.2 of the Settlement Agreement; the Settlement Agreement or any provision of the Settlement Agreement or the fact of the Settlement Agreement having been made, shall not be admissible or entered into evidence, referenced or cited for any purpose whatsoever and shall not be subject to discovery as provided in Paragraph 14.4.3 of the Settlement Agreement.

14. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect, if the Settlement does not become final, and shall not be construed or used as an admission, concession, or declaration, by or against Allstate, of any fault, wrongdoing, breach, or liability, or the appropriateness of certifying a class for litigation purposes. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiffs or Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses.

Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Settlement Agreement into evidence in support of Court approval of same, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, or to enforce the Settlement Agreement after Court approval, including the payment requirements thereunder.

15. **Stay**.  Pending final determination as to whether the Settlement Agreement should be approved, all other motions, deadlines, and proceedings in this Action and not contemplated herein and in the Settlement Agreement are hereby stayed.

16. **Necessary Steps and Good Cause Extension**.  The Court authorizes and directs the Parties to take all other necessary and appropriate steps to implement the Settlement as set forth in the Settlement Agreement.  Additionally, upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

So Ordered: _____  Date: 3/2/2023
               Hon. Christopher A. Boyko